(54 Misc. 614)

SPENCER v. ADAMS DRY GOODS CO. et al.

(Supreme Court, Appellate Term. June 6, 1907.)

JURY—RIGHT TO TRIAL BY JURY—WAIVER—FAILURE TO DEMAND.

Under Municipal Court Act, Laws 1902, p. 1557, c. 580, § 231, giving a party the right to a jury trial where he demands it at the joining of issue, the failure of a party suing three persons to demand a jury, on two of them appearing and joining issue by filing verified answers, is a waiver of his right to a jury as to them, though he, on the subsequent appearance of the third defendant and his joining issue, demands a jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 31 Jury, § 155.]

Appeal from Municipal Court, Borough of Manhattan, Eighth .
District.

Action by Mary U. Spencer against the Adams Dry Goods Com-
pany and others. From a judgment of the Municipal Court dismiss-
ing the action, plaintiff appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and
GOFF, JJ.

Willard S. Allen, for appellant.

Fuller & Reuman, for respondent Manhattan Bedding Company.

Frank V. Johnson, for respondent Garvey.

FITZGERALD, J. Plaintiff brought this action for personal in-
juries, and in her verified complaint alleges a joint liability for neg-
ligence on the part of the defendants. The defendants the Adams
Dry Goods Company and the Manhattan Bedding Company appeared
on February 18, 1907, and joined issue, filing verified answers. At
that time the defendant Garvey had not been served with process, and
the case was adjourned until February 26th, and again to March 6th,
at which latter date Garvey appeared and answered, and the case was
held open until March 7th to enable Garvey to file a verified answer.
On March 6th, at the time Garvey appeared, the plaintiff demanded
a jury trial, and a venire was issued and the case adjourned until
March 15th for trial. Upon March 15th all the parties appeared and
the plaintiff requested that the jury be impaneled and sworn. The
defendants the Adams Dry Goods Company and the Manhattan Bed-
ding Company objected to a jury trial upon the ground that plaintiff,
not having demanded a jury at the time that issue was joined, was
not entitled to a jury. The defendant Garvey made no objection.
The court suggested that the plaintiff sever the action as against the
objecting defendants, and proceed against the other with a jury; but
the plaintiff's counsel refused to proceed, unless the trial as to all
the defendants was had with a jury. The court thereupon dismissed
the complaint.

Municipal Court Act, Laws 1902, p. 1557, c. 580, § 231, does not
give a party an absolute right to a jury trial, but only such right if
"demanded at the joining of issue." If the plaintiff had desired to
save his right to a jury trial, he could have demanded a jury on Feb-
ruary 18th, when issue was joined as to the defendants the Adams
Dry Goods Company and the Manhattan Bedding Company, and, not
having done so, he was not entitled to a jury trial as to them on
March 15th; and if his cause of action was such that he could not
recover against the defendants severally, he should have proceeded
without a jury or withdrawn his action. The judgment, however,
should be for a reversal without prejudice to a new action.

Judgment modified, by providing that the action be dismissed with-
out prejudice to a new action, and, as modified, affirmed, with costs.
All concur.